| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. | Order Filed on July 27, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Jessica Lynn Dasilva, John Dasilva<br><br>Debtor. | Case No.:  22-14275 VFP<br>Adv. No.:<br>Hearing Date:  7/21/2022 @ 8:30 a.m.<br><br>Judge:  Vincent F. Papalia |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: July 27, 2022**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2
Debtors:     John Dasilva, Jessica Lynn Dasilva
Case No.:    22-14275 VFP
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc., holder of a mortgage on real property located at 41 Outlook Avenue, Budd Lake, NJ, 07828, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Scott J. Goldstein, Esquire, attorney for Debtors, Jessica Lynn Dasilva and John Dasilva, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall obtain a loan modification by October 21, 2022, or as may be extended by an application to extend the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** Secured Creditor does not waive its right to object to any requests for extension of the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is to pay the arrears per the plan while the loan modification is pending; and

It **ORDERED, ADJUDGED and DECREED** Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors are to make regular post-petition payments in accordance with the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.